**John A. HYLER, Plaintiffs-Appellants,**

**v.**

**REYNOLDS METAL COMPANY, a corporation, et al., Defendants-Appellees.**

**No. 29931**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1970.

Orzell Billingsley, Jr., Birmingham, Ala., Nathaniel Jones, New York City, for plaintiffs-appellants.

Clarence F. Rhea, Gadsden, Ala., H. T. Heflin, Tuscumbia, Ala., Cooper, Mitch & Crawford, Jerome A. Cooper, Thomas, Taliaferro, Forman, Burr & Murray, J. R. Forman, Jr., S. H. Burr, Birmingham, Ala., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellants complain of error by the district court in the dismissal of their action because of the failure of appellants' attorneys to appear at a pretrial hearing on February 17, 1970.

A perusal of the record indicates that the district court had previously denied a motion to dismiss on May 19, 1969, by requiring appellants to amend their complaint by "defining clearly and with particularity the class which they seek to represent in the action within thirty days". Over a period of approximately nine months, and without apparent excuse, appellants failed to amend their complaint as directed by the district

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

court. The order dismissing the action was thus founded not only on appellants' failure to appear at the pre-trial conference, but also on their refusal to amend the complaint.

It is well settled that a district court has inherent power to dismiss a case for failure to prosecute and there is no abuse of discretion when counsel fails to appear at a pre-trial conference and when there is evidence of prior dilatory conduct. Link v. Wabash R. Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Provenza v. H. and W. Wrecking Co., 5 Cir., 1970, 424 F.2d 629.

Finding both these elements present in the instant case, we hold that there was no abuse of discretion by the district court and its decision is hereby

Affirmed.